HOBSON, Justice.
Appellant, a constable of Dade County, was informed against by Dade County of *542 ficials, and, pending disposition of these charges, the then Governor of Florida suspended appellant from office. The charges were ultimately dismissed, the gubernatorial suspension was revoked, and appellant was reinstated as constable. Appellant timely filed a claim with the Board of County Commissioners of Dade County for compensation lost by him during his suspension, in the amount of $3,216.40, the same being the total net amount received as compensation by the person who had acted as constable during appellant’s suspension period. The claim was denied, and appellant petitioned the circuit court for a writ of mandamus to compel the county officers to pay the amount demanded.
The peremptory writ which was issued as a result of these proceedings, and from which this appeal is taken, commanded respondents, as the Board of County Commissioners of Dade County, to pay only $499.30 of the sum petitioned for. The mathematics and some of the reasoning upon which this result was predicated are expressed in the following excerpt from the peremptory writ:
“The only two sources to which a Constable looks for ‘compensation’ are the County Commission of the County in which he holds office and individuals for whom he has performed services. According to the report of receipts, expenses and net income filed by [Acting] Constable Baker (admitted in evidence as Respondents’ Exhibit No. 1) for the period ending December 31, 1954, the receipts of that office from governmental agencies (county) totalled $4,215.71. Receipts from individuals totalled $2,717.10. Petitioner would have been entitled to payment of the former amount by the Respondent had he not been under suspension during that period in which payment was made to the Acting Constable. Respondents, however, are under no legal duty to reimburse Petitioner for fees paid by individuals to the Acting Constable during this period of time, and I cannot consider this total in the decision of this case. I must take the amount the Petitioner is legally due from the County ($4,-215.71) and subtract the expenses of the office as shown by Exhibit No. 1 ($3,716.41) and arrive at the compensation as defined in this opinion. This sum is $499.30.”
The constitutional right of appellant to be compensated in full for the period of his suspension is not in question here. It is granted by Art. IV, § 15 of the Florida Constitution, F.S.A., which provides in part that “[n]o officer suspended who shall under this section resume the duties of his office, shall suffer any loss of salary or other compensation in consequence of such suspension.”
F.S. § 145.01, as amended, Laws 1953, c. 28041, effective January 1, 1953, F.S.A., which applies to respondent, reads as follows :
“Each county official whose compensation for his official duties is paid wholly or partly by fees or commissions, shall receive as his yearly compensation for his official services from the whole or part of the fees, or commissions so collected, the following sum only: All the net income from his office not to exceed seven thousand five hundred dollars.”
F.S. § 116.03, F.S.A., requires the filing of financial reports by state and county officers paid by fees or commissions. A report filed under this section by the Acting Constable is the Exhibit No. 1 to which the circuit judge refers in the.portion of his order quoted above.
From the basic figures of the circuit judge, which are unquestioned, the gross receipts of the office for the critical period, from both county and private sources, to-talled $6,932.81 ($4,215.71 from the county, plus $2,717.10 from individuals). Subtracting expenses of $3,716.41 from this total figure, we have $3,216.40, the amount petitioned for, representing the total net receipts of the office from both county and private sources. That this latter figure is the amount to which appellant is entitled *543 under the Florida Constitution we have no doubt, nor is it seriously contended otherwise. The only question is whether the county is liable for that portion of the total net receipts which represents compensation from private sources and it is this issue which the circuit judge resolved against the appellant.
The constitution is silent as to the source from which repayment of compensation is to come. Appellant contends that a state officer under the circumstances may look to the state, while a county officer may look to the county. While, as Mr. Justice Holmes once remarked, “[i]t is hard to exhaust the possibilities of a general proposition”, Jas-ter v. Currie, 198 U.S. 144, 148, 25 S.Ct. 614, 615, 49 L.Ed. 988, and consequently we will not now hold that the principle contended for will apply in all situations, its logic as well as its justice commend it to us in this case. We are therefore firmly of the view that there was no error in the command of the alternative writ as far as it went, but we think it did not go far enough.
Appellees contend, and urged below, that the legislature in 1953 passed a special act for the relief of a justice of the peace, in circumstances similar to those presented here, Chapter 28641, Laws of Florida, 1953, indicating that the legislature considered no other relief available under the law. If we accepted this argument as persuasive in the case at bar, we would come dangerously close to declaring a special act to be a general act. This would amount to abdication of the judicial role and usurpation of a legislative function. It would also be inconsistent with our holding in State ex rel. Williams v. Lee, 121 Fla. 815, 164 So. 536, that a suspended officer was entitled to full compensation irrespective of the amount specified in a legislative appropriation for the payment of such claim.
As the circuit judge held, the sum of $2,717.10 was received by the Acting Constable from “individuals”. But these emoluments were paid and received only by virtue of the county office to- which appellant had been duly elected and was duly qualified before his suspension. The right to any and all authorized compensation was an incident of the office, Hanchey v. State, Fla., 52 So.2d 429.
It would seem to us highly technical to hold, when dealing with a clear constitutional command that “[n]o officer * * * shall suffer any loss of salary or other compensation * * * ”, that a county officer in these circumstances, entitled to compensation solely by virtue of his office, may look to the county only for part payment of his claim and must appeal to the legislature for the balance because he cannot obtain full relief in court. We hold, therefore, that appellant is entitled to be compensated from county funds in the full amount claimed. This holding is not intended to be penal in nature, as appellees suggest. It is designed only to give practical effect, as a matter of construction, to a principle which seems to us implicit in the clear constitutional mandate..
Reversed and remanded for further proceedings not inconsistent with this opinion.
DREW, C. J., and TERRELL and THORNAL, IT., concur.